UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DRAGOS IULIAN NITA<br>   Petitioner<br><br>V.<br><br>SHERLY DEL CARMEN VILLA TOVAR<br>   Respondent | §§§§§§§§§§§§§<br><br>CIV. ACTION NO. 4:22-cv-00859 |

## AGREED ORDER FOR THE RETURN OF CHILD TO SPAIN

This Order directing the child made the basis of this case, (the "child" or "RGVN") to return to Spain is made pursuant to Article 7 of the 1980 Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), and the International Child Abduction Remedies Act ("ICARA), 22 U.S.C. §9001 et seq., and with the express consent and agreement of all parties, as evidence by the signatures of the parties' respective counsel.

On this the 10th day of June, 2022, Petitioner, Dragos Iulian Nita, (the "Father") and Respondent, Sherly del Carmen Villa Tovar, (the "Mother"), appeared before this Court and announced they reached an agreement for the resolution of this matter, as follows:

1. RGVN will be returned to Spain as soon as reasonably possible.

   a) It is the intention of the parties that the child will be returned to Spain within thirty (30) days of this agreement.

   b) The Father shall make and pay for the child's travel arrangements to Spain, and provide notice to the Court and all counsel of record of such travel arrangements at least forty-eight (48) hours before the child's scheduled flight(s) from Houston to Spain.

   c) The Mother (escorted by a US Marshal) shall deliver RGVN to the airport

PD.37779532.1

with all travel documents necessary to make the trip to Spain in sufficient time for RGVN to board his scheduled flight to Spain.

    d)    It is the intention of the parties that the Father accompany RGVN on his flight from Houston to Spain.

    e)    A US Marshal will be utilized as necessary and/or appropriate, and to the extent allowed by the Court, to effectuate the child's return to Spain.

    f)    The parties will cooperate with one another and as directed by the Court to resolve any logistical issues related for the child's return to Spain, including but not limited to executing any necessary documents regarding the same, as soon as reasonably possible.

2.    Once RGVN is returned to Spain, Father will notify all necessary authorities, that he no longer wishes to prosecute criminal charges against the Mother related to her removal of RGVN from Spain and keeping the child in the United States. The Father will assist any way possible in removing or dismissing the criminal allegations against the Mother to include Juzgado de Primera Instancia e Instrucción número 4, de Vinaroz, el Procedimiento Penal: Diligencias Previas número 960/2021.

3.    Mother and Father agree to submit any issues regarding custody of the child, access to the child, rights and duties regarding the child, child support for the child, any and all other family matters concerning RGVN to the courts in Spain for determination.

4.    Mother and Father agree to comply with any rulings from the courts of Spain regarding the child, including, but not limited to rulings regarding which parent shall have primary possession of the child and where the child's primary residence should be located.

5.    Mother and Father agree to sign any documents required to effectuate the orders of the Spanish courts regarding the child.

6. The parties agree that this Court can enter any orders necessary to effectuate the parties intention that the child be returned to Spain.

IT IS THEREFORE **ORDERED**, that RGVN, a boy born on September 30, 2020, shall be returned to Spain forthwith. IT IS FURTHER

**ORDERED**, that Petitioner, Dragos Julian Nita, shall make and pay for the child's travel arrangements for the child's return to Spain, and provided to the Court and all counsel of record at least forty-eight (48) hours' notice of the child's scheduled flight. IT IS FURTHER

**ORDERED** that RGVN's passport, currently held by the Court, will be turned over to counsel for the Father for the Father's use in effectuating the child's return to Spain. IT IS FURTHER

**ORDERED**, that Respondent Sherly del Carmen Villa Tovar, shall deliver and relinquish possession of the child to the Petitioner or US Marshal as and when directed by the Court based on the flight plans he arranges for the child. IT IS FURTHER

**ORDERED**, that the child shall travel in the company of a US Marshal assigned by the Court (who the Mother may accompany), to George Bush International Airport where the US Marshal shall surrender the child to the Father, who will immediately transport the child to Spain by way of the flight of which the Father notified the Court and all counsel of record as ordered above. IT IS FURTHER

**ORDERED** that, upon the return of the child to Spain, the Father shall assist, as possible, with removing or dismissing the criminal proceedings pending against the Mother, including but not limited to that cause styled Juzgado de Primera Instancia e Instrucción número 4, de Vinaroz, el Procedimiento Penal: Diligencias Previas número 960/2021. IT IS FURTHER

**ORDERED** that, upon the return of the child to Spain, each party will agree to abide by

PD.37779532.1

any rulings or orders issued by the courts in Spain regarding the child and execute any documents necessary to effectuate any orders a Spanish court may issue regarding the child. IT IS FURTHER

**ORDERED** that, upon the return of the child to Spain, the Father shall file a notice in this Court confirming the child has been returned to Spain. Upon the filing such notice by the Father, this matter shall be DISMISSED WITH PREJUDICE. IT IS FURTHER

**ORDERED** that this Order is not a determination of the merits of any custody issues within the meaning of Article 19 of the Hague Convention. IT IS FURTHER

**ORDERED** that this Order is made under the authority of 22 U.S.C. § 9003(a), conferring original jurisdiction upon this Court, and under the authority of Article 7 of the 1980 Hague Convention.

Without affecting the finality of this Agreed Order for the Return of Child to Spain, this Court expressly reserves the right to make orders necessary to clarify and enforce this Order and as necessary to effectuate the parties intended return of the child to Spain.

It is SO ORDERED.

    DATED this_____ day of _____, 2022.

                                                                        _____
                                                                        JUDGE PRESIDING

APPROVED AND ENTRY REQUESTED:


By: */s/ Sebastien J. Jongbloets*
    Sebastien J. Jongbloets
    Federal Bar No. 3727856
    Texas Bar No. 24125920
    sebastien.jongbloets@phelps.com
    Nicole M. Hilburn
    Federal Bar No. 685166
    Texas Bar No. 24055663
    nicole.hilburn@phelps.com
    910 Louisiana Street, Suite 4300
    Houston, Texas 77002
    Telephone: (713) 626-1386

ATTORNEYS FOR PETITIONER
DRAGOS IULIAN NITA


By: [signature]
    Baldemar Zuniga
    Texas Bar No. 24053572
    6200 Savoy, Suite 354
    Houston, Texas 77036
    (713) 817-4865 Direct
    (713) 378-4529 Office
    (713) 532-2644 Facsimile
    vzuniga@713druglaw.com

ATTORNEY FOR RESPONDENT
SHERLY DEL CARMEN VILLA TOVAR